```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DR. GERALD FINKEL, as Chairman
of the Joint Industry Board of
the Electrical Industry,

                  Plaintiff,
                                         MEMORANDUM & ORDER
         -against-                       12-CV-4108(JS)(ARL)

ZIZZA & ASSOCIATES CORP., BERGEN
COVE REALTY INC., SALVATORE J.
ZIZZA,

                  Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:       Peter D. DeChiara, Esq.
                     Michael S. Adler. Esq.
                     Cohen, Weiss, and Simon LLP
                     900 Third Avenue, Suite 2100
                     New York, New York 10022

For Defendants:      Ira S. Sacks, Esq.
                     Benjamin R. Joelson, Esq.
                     Megan M. Admire, Esq.
                     Akerman LLP
                     520 Madison Avenue, 20th Floor
                     New York, New York 10022
```

SEYBERT, District Judge:

Currently pending before the Court is Plaintiff's motion in limine to preclude Defendants from calling Plaintiff's former counsel, David R. Hock ("Mr. Hock"), to testify at trial. (Mot., ECF No. 202; Pl. Br., ECF No. 202-5; Reply, ECF No. 206.) Defendants Zizza & Associates Corp., Bergen Cove Realty Inc. ("Bergen Cove"), and Salvatore J. Zizza ("Defendant Zizza") (collectively, "Defendants") oppose the motion. (Defs. Opp., ECF

1

No. 205.)  For the following reasons, Plaintiff's motion is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court presumes the parties' familiarity with the factual and procedural background, set forth most fully in this Court's March 31, 2020 Order denying Defendants' motion for summary judgment on statute of limitations grounds, and recites only the facts necessary to adjudicate the pending motion. (See Order, ECF No. 197, at 2-12.)

In a prior action, Plaintiff secured a default judgment against Hall-Mark Electrical Supplies Corporation ("Hall-Mark") for withdrawal liability under ERISA. See Finkel v. Hall-Mark Electrical Supplies Corp., No. 07-CV-2376 (E.D.N.Y.) (the "Prior Action"); (Order at 3-7 (describing the Prior Action)). In this action, Plaintiff asserts a claim for control group liability against Bergen Cove, arguing that Bergen Cove was a member of Hall-Mark's controlled group, and is therefore liable for funds Hall-Mark failed to disburse to Plaintiff pursuant to the relevant collective bargaining agreements. (Order at 7-9 (describing the procedural history as to Plaintiff's control group liability claim against Bergen Cove).) However, Defendants argue that Plaintiff's claim for control group liability against Bergen Cove is barred by the statute of limitations. (Id. at 9-12, 13-21.) The statute of limitations defense turns on when Plaintiff knew, or should have

2

known through diligent investigation, Bergen Cove's connection to Hallmark, that is, that Bergen Cove was a potential "control group" member. (Id. at 20-21.)

Defendants seek Mr. Hock's testimony on issues relating to their statute of limitations defense. Mr. Hock served as Plaintiff's counsel in the Prior Action and in the present action until September 2017, when he withdrew as counsel. Based on that role, Defendants expect Mr. Hock to testify to the following issues:

> Plaintiff's assessment of and attempts to collect withdrawal liability against Hall-Mark, Plaintiff's knowledge of Hall-Mark's financial condition, Plaintiff's attempts to pursue the collection of withdrawal liability against purported controlled group members, Plaintiff's prior lawsuit against Hall-Mark (Civil Action No. 07-cv-2376-NGG), Plaintiff's efforts to investigate or uncover purported controlled group members, the November 27, 2007 email, January 23, 2008 letter and March 11, 2008 letter between the parties and/or their counsel, the April 22, 2008 settlement meeting involving the parties and their counsel, the restraining notices served by the Plaintiff on or about November 23, 2009, the Stipulation Regarding Stay of Enforcement of Judgment and Filing of Motion to Vacate Judgment between Zizza & Company, Primary Capital Resources and the Joint Board entered into on or about December 24, 2009, Mr. Zizza's October 17, 2011 deposition, Plaintiff's strategy and conduct in the current litigation with respect to controlled group theories and adding Bergen Cove as a defendant, <u>and Mr. Hock's standing and disciplinary history as an attorney</u>.

3

(Joint Pre-Trial Order ("JPTO"), ECF No. 201, at 8 (emphasis added).) Importantly, Defendants expect another of their witnesses, Christina Sessa ("Ms. Sessa"), Plaintiff's in-house counsel, to testify regarding the exact same issues, word for word, with the exception of the final clause underlined above. (See id. at 7-8.) Defendants also expect Defendant Zizza himself to testify regarding many of these issues. (Id. at 7.)

## DISCUSSION

I. Legal Standard

"The Second Circuit has not established a standard for determining when a court should allow a party to call the opposing party's counsel as a witness at trial." Cadle Co. v. Flanagan, No. 01-CV-0531, 2005 WL 8167448, at *1 (D. Conn. June 3, 2005). As such, the parties ask the Court to apply the factors set forth by the Second Circuit in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir. 2003), for determining when it is appropriate to permit a party to depose opposing counsel. (Pl. Br. at 7-13; Defs. Opp. at 3-4.) In Friedman, the Second Circuit observed in dictum that, while depositions of opposing counsel are disfavored, district courts faced with such a request should adopt a "flexible approach" that considers "all of the relevant facts and circumstances." Friedman, 350 F.3d at 71-72; see also Patsy's Italian Rest., Inc. v. Banas, Nos. 06-CV-0729 and 06-CV-5857, 2007 WL 174131, at *2 n.2 (E.D.N.Y. Jan. 19, 2007) (noting that, "even

4

though it was only dicta," Friedman is "meant to serve as a guide to the district courts" in this Circuit); Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd., No. 07-CV-7983, 2016 WL 3042733, at *9 (S.D.N.Y. May 24, 2016) (collecting cases). The Second Circuit further explained that these considerations "may include" the following: (1) "the need to depose the lawyer," (2) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation," (3) "the risk of encountering privilege and work-product issues," and (4) "the extent of discovery already conducted." SEC v. Contrarian Press, No. 16-CV-6964, 2020 WL 7079484, at *4 (S.D.N.Y. Dec. 2, 2020) (quoting Friedman, 350 F.3d at 72).

Although the Friedman analysis is driven by considerations specific to civil discovery in federal courts,[1] at least three district courts, two within the Second Circuit, have applied it in circumstances analogous to the present request. See SEC v. Collector's Coffee Inc., No. 19-CV-4355, 2020 WL 7133735, at *1 (S.D.N.Y. Dec. 4, 2020) (civil contempt hearing); Cadle Co.,

---

[1] For example, then-Circuit Judge Sonia Sotomayor began her analysis with an overview of the "deposition-discovery regime set out by the Federal Rules of Civil Procedure." Friedman, 350 F.3d at 69. Moreover, the sentences immediately preceding and following the four factors to be considered by district courts relate to discovery rules and devices that have little relevance once discovery has closed, as it has here. E.g., id. at 72 ("These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition.")

5

2005 WL 8167448, at *2 (civil trial); Boeing Co. v. KB Yuzhnoye, No. 13-CV-0730, 2015 WL 12803452, at *9 (C.D. Cal. Nov. 3, 2015) (civil trial). Thus, consistent with those decisions and the parties' briefing, the Court will apply the Friedman analysis to the extent its factors are applicable here. See Collector's Coffee Inc., 2020 WL 7133735, at *1.

## II. Analysis

Turning to the merits: the first factor -- the need to call the lawyer as a witness -- weighs heavily against calling Mr. Hock at trial. "The keystone to determining the need to subpoena opposing counsel is whether the information 'sought . . . may be obtained from another source.' . . . 'Where the information sought from the attorney can be provided by non-attorney witnesses, that weighs against permitting the deposition of an attorney.'" Contrarian Press, 2020 WL 7079484, at *4 (first quoting KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C., No. 19-CV-2918, 2020 WL 1989487, at *4 (S.D.N.Y. Apr. 12, 2020); then quoting Doe v. Town of Greenwich, No. 18-CV-1322, 2020 WL 2374867, at *5 (D. Vt. Jan. 10, 2020)). Here, the testimony Defendants seek from Mr. Hock can be obtained from the other witnesses, Ms. Sessa and Defendant Zizza. In fact, Defendants expect Ms. Sessa to testify regarding precisely the same issues as Mr. Hock, including issues related to Defendants' statute of limitations defense. (Compare JPTO at 7-8 (subjects on which Ms. Sessa's testimony is sought),

6

with id. at 8 (subjects on which Mr. Hock's testimony is sought).) Moreover, Defendants intend to call Defendant Zizza to testify regarding many of the same issues. For example, Defendants seek Mr. Hock's testimony about the April 2008 settlement meeting, which is "critical to the statute of limitations issue." (Defs. Opp. at 11.) But both Ms. Sessa and Defendant Zizza attended this meeting. Thus, Defendants have not established that information regarding their statute of limitations defense is "peculiarly within [Mr. Hock's] knowledge." KOS Bldg. Grp., LLC, 2020 WL 1989487, at *5.

Case law in this Circuit further supports precluding Mr. Hock from testifying. Indeed, district courts applying the Friedman analysis often deny the request for testimony from counsel where the party seeking such testimony cannot establish a specific need to depose the attorney. See, e.g., Sea Tow Int'l, Inc. v. Pontin, 246 F.R.D. 421, 425-26 (E.D.N.Y. 2007) (rejecting party's request to depose opposing counsel and finding "much, if not all, of the information defendants claim to be seeking can be acquired from [the defendant] himself and/or representatives of [the plaintiff]" (collecting cases)); KOS Bldg. Grp., LLC, 2020 WL 1989487, at *5 (similarly rejecting a party's request to depose opposing counsel where that party "failed to demonstrate that information related to these issues is peculiarly within [the attorney's] knowledge" (internal quotation marks omitted)); Resqnet.Com, Inc. v. Lansa, Inc., No. 01-CV-3578, 2004 WL 1627170,

7

at *6 (S.D.N.Y. July 21, 2004); Varbero v. Belesis, No. 20-CV-2538, 2020 WL 7043503, at *3 (S.D.N.Y. Dec. 1, 2020); Boeing, 2015 WL 12803452, at *9. As now-Chief Judge Margo K. Brodie stated, "The absence of a demonstrated need to conduct the deposition of an attorney can outweigh even a strong showing of the other factors," which the Court does not believe has been made here, especially where "privileged topics" are expressly implicated. Ingenito v. Riri USA, Inc., No. 11-CV-2569, 2015 WL 9412541, at *9 (E.D.N.Y. Dec. 22, 2015), motion for reconsideration denied, 2016 WL 1642643 (E.D.N.Y. Apr. 25, 2016); see also Collector's Coffee Inc., 2020 WL 7133735, at *3 (finding it unnecessary to address other Friedman factors where the defendant "has shown no need to examine an SEC lawyer as to any topic" at issue).

On the other hand, courts have granted a party's request to secure oral testimony from opposing counsel where counsel "appears to be the only individual who could testify" about an issue. See ValveTech, Inc. v. Aerojet Rocketdyne, Inc., No. 17-CV-6788, 2021 WL 630910, at *3 (W.D.N.Y. Feb. 18, 2021); Johnson v. City of New York, No. 16-CV-6426, 2018 WL 6727329, at *2 (finding counsel "may be the only non-source witness who could testify" about topic). Here, Defendants argue that the other witness with knowledge of issues relevant to their statute of limitations defense, Ms. Sessa, has memory gaps that Defendants speculate could be filled by Mr. Hock. (See Defs. Opp. at 10-12.)

But this argument fails, because Defendants are unable to demonstrate that Mr. Hock's memory would fare any better than Ms. Sessa's. Put otherwise, Defendants cannot show such information is "peculiarly within [Mr. Hock's] knowledge." KOS Bldg. Grp., LLC, 2020 WL 1989487, at *5. Moreover, speculation that an attorney may testify about a subject differently than a non-attorney witness cannot alone justify calling an attorney to the witness stand. Cf. Collector's Coffee Inc., 2020 WL 7133735, at *2 ("[S]peculation that a witness told a lawyer something that differs from the witness's testimony in the witness box is an insufficient basis to justify calling that lawyer as a witness at a deposition or trial."). Therefore, the first Freidman factor weighs against calling Mr. Hock as a trial witness.

The second factor -- the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation -- also counsels against calling Mr. Hock as a trial witness. This factor requires the Court to determine Mr. Hock's role in both this proceeding and "the subject as to which discovery is sought." KOS Bldg. Grp., LLC, 2020 WL 1989487, at *5. Mr. Hock served as counsel for Plaintiff in both the Prior Action and this action, which weighs against granting Defendants' request. See id. And while Mr. Hock's role in the matter on which discovery is sought, i.e., Plaintiff's litigation strategy and knowledge regarding which entity it can recover the unpaid

9

contributions at issue, favors permitting his testimony, there are two other witnesses who can testify regarding that same topic, as noted supra.

Moreover, the third factor -- the risk of encountering privilege and work-product issues -- cuts against Defendants' request. Even though Defendants have specifically indicated that they are not seeking privileged information (JPTO at 9), "the risk that privilege and attorney work-product issues might arise" is "not negligible," especially because the statute of limitations defense touches on Plaintiff's litigation strategy as to which entity to sue. Resqnet.Com, Inc., 2004 WL 1627170, at *6. Further, any privilege or work-product issues that might arise during Mr. Hock's examination, and the privilege objections such issues inevitably generate, would disrupt the jury and the trial proceedings, a factor courts consider under Friedman in the analogous context of attorney depositions. See Johnson, 2018 WL 6727329, at *3 (analyzing the "disruptive effect" depositions of counsel may have on "the litigation of the case"); Bey v. City of New York, No. 99-CV-3873, 2007 WL 1893723, at *5 (S.D.N.Y. June 28, 2007) ("The predominate concern in limiting or precluding attorney depositions is to bar the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel." (citations omitted)).

Last, the Court finds the fourth factor -- the extent of discovery already conducted -- "is not germane to the inquiry given that the testimony is not being sought for discovery purposes." Collector's Coffee Inc., 2020 WL 7133735, at *1. Regardless, "this factor does not favor one party over the other," Tailored Lighting, Inc. v. Osram Sylvania Prod., Inc., 255 F.R.D. 340, 345 (W.D.N.Y. 2009), because while the request to examine Mr. Hock comes late in the life of this litigation, Defendants have articulated sound reasons for not raising the request sooner (see Defs. Opp. at 16-19).

Accordingly, having considered all of the relevant facts and circumstances, including the factors set forth in Friedman, this Court finds that the factors weigh against permitting Defendants to call Mr. Hock as a witness.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion in limine (ECF No. 202) to preclude Defendants from calling Plaintiff's former counsel to testify at trial is GRANTED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  12 , 2021
       Central Islip, New York